IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SOCIAL POSITIONING INPUT SYSTEMS, LLC, | § § § | |
| Plaintiff, | § § | Case No. 21-cv-00797-ELH |
| v. | § § | |
| AGNIK, LLC, | § § | |
| Defendant. | § | |

**DEFENDANT AGNIK, LLC'S ANSWER
AND AFFIRMATIVE DEFENSES AND COUNTERCLAIM AND
DEMAND FOR JURY TRIAL**

Defendant Agnik, LLC ("Agnik"), for its Answer and Affirmative Defenses to Plaintiff Social Positioning Input Systems, LLC's ("Social Positioning") Complaint for patent infringement ("Complaint") and demand for jury trial as to that Complaint and for its Counterclaim states the following:

**ANSWER**

**I.  PARTIES AND JURISDICTION**

1.      Agnik admits that the Complaint purports to set forth an action for infringement under the Patent Laws of the United States, 35 U.S.C. §1, *et seq.*

2.      Agnik admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a).

3.      Agnik is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and, on that basis, denies all such allegations.

4.     Agnik admits the allegations in Paragraph 4 of the Complaint, except for the allegation that Agnik is a Delaware corporation, which it denies. Agnik is a Maryland limited liability company.

5.     Agnik does not contest that the Court has personal jurisdiction over it in this case and admits that has conducted business in this District. Agnik denies it has committed or is committing acts of infringement within this District or elsewhere and, on that basis, denies the remaining allegations of Paragraph 5 of the Complaint.

6.     Agnik admits that it has used, imported, offered for sale, or sold instrumentalities in this District. Agnik denies it has committed or is committing acts of infringement within this District or elsewhere and, on that basis, denies the remaining allegations of Paragraph 6 of the Complaint.

## II. VENUE

7.     Agnik does not contest that venue is proper in this case but denies it has committed acts of infringement within this District or elsewhere and, on that basis denies the remaining allegations of Paragraph 7 of the Complaint.

## III.

### COUNT I (INFRINGEMENT OF UNITED STATES PATENT NO. 9,261,365)

8.     Agnik incorporates paragraphs 1 through 7 herein by reference.

9.     Agnik admits that the Complaint purports to set forth an action for infringement under the Patent Laws of the United States, 35 U.S.C. §§ 271, *et seq.*

10.     Agnik is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, on that basis, denies all such allegations.

11.     Agnik admits that a purported copy of U.S. Patent No. 9,261,365 (the "*365 Patent*") is attached to the Complaint as Exhibit A and that the face of that patent indicates that it is entitled "Device, System and Method for Remotely Entering, Storing and Sharing Addresses for a Positional Information Device."

12.     Agnik denies the allegations in Paragraph 12 of the Complaint.

13.     Agnik denies the allegations in Paragraph 13 of the Complaint.

14.     Agnik denies the allegations in Paragraph 14 of the Complaint.

15.     Agnik denies the allegations in Paragraph 15 of the Complaint.

16.     Agnik denies the allegations in Paragraph 16 of the Complaint.

17.     Agnik denies the allegations in Paragraph 17 of the Complaint.

18.     Paragraph 18 presents legal conclusions and argument to which no response is required. To the extent a response is required, Agnik denies the allegations of Paragraph 18 and denies that Plaintiff is entitled to the relief it seeks.

19.     Paragraph 19 presents legal conclusions and argument to which no response is required. To the extent a response is required, Agnik denies the allegations of Paragraph 19 and denies that Plaintiff is entitled to the relief it seeks.

20.     Agnik denies the allegations of Paragraph 20 of the Complaint.

## IV.     [PLAINTIFF'S] PRAYER FOR RELIEF

21.     Agnik denies the Plaintiff is entitled to any relief from Agnik and denies all the allegations contained in Paragraphs (a) through (e) of Plaintiff's Prayer for Relief.

## V.     AFFIRMATIVE DEFENSES

22.     Agnik's affirmative defenses are listed below. Agnik reserve the right to amend its answer to add additional affirmative defenses consistent with the facts discovered in this case.

### a.  First Affirmative Defense

23.     Plaintiff's Complaint fails to state a claim upon which relief can be granted because the '365 Patent does not claim patent eligible subject matter under 35 U.S.C. §101. Consistent with F. R. Civ. P. Rule 12(b)(6), Agnik has made a motion asserting this defense before submitting this Answer and Affirmative Defenses.

### b.  Second Affirmative Defense

24.     Each asserted claim of the '365 Patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### c.  Third Affirmative Defense

25.     To the extent that Plaintiff and any predecessors in interest to the '365 Patent failed to properly mark any of their relevant products or materials as required by 35 U.S.C.§287, or otherwise give proper notice that Agnik's actions allegedly infringe the '365 Patent, Agnik is not liable to Plaintiff for the acts alleged to have been performed before Agnik received actual notice that it was allegedly infringing the '365 Patent.

### d.  Fourth Affirmative Defense

26.     To the extent that Plaintiff asserts that Agnik indirectly infringes, either by contributory infringement or inducement of infringement, Agnik is not liable to Plaintiff for the acts alleged to have been performed before Agnik knew that its actions would cause indirect infringement.

### e.  Fifth Affirmative Defense

27.     The claims of the '365 Patent are not entitled to a scope sufficient to encompass any system employed or process practiced by Agnik.

### f.  Sixth Affirmative Defense

28.    To the extent Plaintiff contends that it alleges a claim for indirect infringement (whether by inducement or contributorily), Plaintiff has failed to state a claim upon which relief can be granted.

### g.  Seventh Affirmative Defense

29.    Agnik has not infringed and does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement), any valid, enforceable claim of the '365 Patent.

### h.  Eighth Affirmative Defense

30.    Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that any system employed by Agnik practices all of the elements required by Claim 1 of the '365 Patent.

### i.  Ninth Affirmative Defense

31.    Plaintiff is estopped, based on statements, representations, and admissions made during prosecution of the patent application resulting in the asserted patent, from asserting any interpretation of any valid, enforceable claims of the '365 Patent that would be broad enough to cover any accused product alleged to infringe the asserted patent, either literally or by application of the doctrine of equivalents.

### j.  Tenth Affirmative Defense

32.    Plaintiff's claims for damages are statutorily limited or barred by 35 U.S.C. §§ 286 and 287. Plaintiff is further barred under 35 U.S.C. §288 from recovering costs associated with its action.

### k.  *Eleventh Affirmative Defense*

33.     Plaintiff is precluded from recovering its reasonable attorney's fees, costs, and or increased damages under 35 U.S.C. §§284 or 285.

### l.  *Twelfth Affirmative Defense*

34.     In the unlikely event that Agnik should be found to have infringed any valid, enforceable claims of the '365 Patent, such infringement was not willful.

## AGNIK'S COUNTERCLAIM

For its counterclaim against Plaintiff Social Positioning Input Systems, LLC ("Social Positioning"), Counterclaim Plaintiff Agnik, LLC ("Agnik") alleges as follows:

## PARTIES

1.      Counterclaim Plaintiff Agnik is a Maryland limited liability company organized and existing under the laws of Maryland. It maintains its principal place of business in Maryland.

2.      Upon information and belief based solely on Paragraph 3 of the Complaint as pled by Plaintiff, Counterclaim Defendant Social Positioning is a Texas limited liability company with (to use the terminology in its Complaint) a "virtual office" located at 1 East Broward Boulevard, Suite 700, Ft. Lauderdale, FL 33301.

## JURISDICTION

3.      Agnik incorporates by reference Paragraphs 1-2 above.

4.      This counterclaim arises under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least U.S.C. Sections 1331, 1338 and 2201.

5.      Social Positioning has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6.      Based solely on Social Positioning's filing of this action, venue is proper for purposes of this counterclaim in this District pursuant to at least 28 U.S.C. Sections 1391 and 1400.

## COUNT I

## DECLARATION REGARDING INVALIDITY

7.      Agnik incorporates by reference Paragraphs 1-6 above.

8.      Based on Social Positioning's filing of this action and at least Agnik's First Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '365 Patent.

9.      On information and belief, the claims of the '365 Patent are invalid for failure to comply with one or more of the requirements of United Stats Code, Title 35, and the rules, regulations and laws pertaining thereto.

10.     For example, as explained in Agnik's Memorandum supporting its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), incorporated herein by reference, the '365 Patent is invalid for failure to comply with 35 U.S.C. Section 101. As explained, the '365 Patent claims nothing more than an abstract idea, and it fails to claim an inventive concept.

11.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. Sections 2201 *et seq.,* Agnik requests a declaration by the Court that the claims of the '365 Patent are invalid for failure to comply with one or more requirement of Title 35 of the United States Code and the rules, regulations, and laws pertaining thereto.

12.     Agnik does not have an adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant Agnik, LLC ("Agnik") prays that this Court enter a judgment in Agnik's favor and against Plaintiff Social Positioning Input Systems, LLC ("Social Positioning") by granting the following relief:

A.      A declaration that the '365 Patent is invalid;

B.      A declaration that Agnik does not infringe, under any theory, any valid claim of the '365 Patent that may be enforceable;

C.      A declaration that Social Positioning take nothing by its Complaint;

D.      A judgment against Social Positioning and in favor of Agnik;

E.      A dismissal of the Complaint with prejudice;

F.      A finding that this case is an exceptional case under 35 U.S.C. §285 and an award to Agnik of its costs and attorney's fees incurred in this action; and

G.      Awarding Agnik such other and further relief as the Court deems appropriate.

## **JURY DEMAND**

Agnik hereby demands trial by jury as to the Complaint on all issues triable to a jury.


Dated: April 26, 2021

                         /s/_____
James K. Archibald (Fed. Bar #00097)


            /s/_____
Paul F. Evelius (Fed. Bar # 05754)
Wright, Constable & Skeen, L.L.P.
7 Saint Paul Street, 18th Floor
Baltimore, Maryland 21202
Telephone:  410-659-1326
Fax: 410-659-1350
jarchibald@wcslaw.com
pevelius@wcslaw.com
Attorneys for Defendant and Counterclaim
Plaintiff Agnik, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2021 I electronically submitted the foregoing document with the clerk of court for the U.S. District Court for the District of Maryland, using the electronic case filing system of the court.  I hereby also certify that I also have served a copy of the foregoing on the following via e-mail:

Jesse D. Stein
Policastri Law Firm, LLC
600 Jefferson Plaza, Suite 308
Rockville, MD 20852
jesse@policastrilawfirm.com

and

Jay Johnson
Kizzia Johnson, PLLC
1910 Pacific Avenue, Suite 13000
Dallas, TX 75201
jay@kipllc.com

and

D. Bradley Kizzia
Jay Johnson
Kizzia Johnson, PLLC
1910 Pacific Avenue, Suite 13000
Dallas, TX 75201
bkizzia@kipllc.com

_____/s/_____
James K. Archibald (Fed. Bar #00097)